Reese, J.
delivered the opinion of the court.
The bill states, that William Kay, John Kerchival and EL bert Bayless, as partners, were indebted to complainant, by note; that he sued and obtained judgment against Kay and Kerchival, and issued an execution against them, upon which was a return of nulla bona; and that they are utterly insolvent. Elbert Bayless was not sued, because not in the State; that he has gone to Arkansas or Texas, with a purpose to remain, and is a non-resident. Elbert Bayless held a note on complainant and Killigrew for four, hundred dollars; and to avoid the claims of creditors, he transferred, by assignment, the note to his brother, Thomas Bayless, without consideration, and for the benefit of the assignor. Suit has been broüght upon the note, and judgment obtained against complainant and Killigrew, and all the money paid to Elbert Bayless, except an amount equal to the claim of complainant against said Elbert. This attachment bill is filed under the act of 1835-6, for the purpose of geting a decree against Elbert Bayless for the amount of complainant’s debt against him, and for the-satisfaction out of the funds belonging to him in the hands of complainant and Killigrew, not yet paid upon the judgment recovered against them in the name of Thomas, but for the use and benefit of Elbert Bayless, and to this end an injunction is prayed, and an attachment. The affidavit states, that Elbert Bayless is justly *387 indebted to the complainant as stated in the bill; and that the other matters and things in said bill stated as of complainant’s own knowledge are true, and those stated as derived from the information of others, he believes to be true. The bill was demurred to; and his honor the Chancellor thought proper to allow the demurrer, to dissolve the injunction, and to give judgment, under the act of 1817, against the complainant and his sureties in the injunction bond. The complainant has appealed to this court.
The case has been argued here upon the part of the defendants, as if the question involved, related exclusively to the power and course of a Court of Chancery to decree a set-off, where the complainant’s demand is against a partnership firm, and one of the firm has a demand against him. But we suppose the single question in the case is, whether a complainant, to whom a non-resident is indebted, can, by virtue of the provisions of the act of 1835-6, obtain a decree against his nonresident debtor, where the fund to be attached is in the hands of the complainant himself, or the debt or chose in action belonging to the non-resident is due from the complainant. For, if in such case, relief will be granted, the process of injunction and the decree enjoining, are but means to render the relief effective. And we think, under such circumstances as are disclosed in this case, relief will be granted by virtue of the provisions of the act of 1835-6. If the non-resident, indeed, had with him the chose in action or note, nothing could be done. But where that is here, deposited in the hands of an agent, or transferred to his mere trustee for his benefit, the attachment-will lie, and the fact that the complainant owes the money, any more than a third person, will not have the effect to obstruct the remedy given by the statute. If the note in question had been given by Killigrew alone to Elbert Bajdess, and by him had been assigned as stated in the bill to Thomas Bayless, it would not be doubted, by any one, for a single moment, that this bill might have been filed by virtue, of the provisions of the act of 1835-6. But the fact, that it was given by Killigrew and complainant can make no difference in the view of a Court of Chancery; it, to be sure, in order to make the remedy effectual, un~ *388 der the circumstances of this case, requires that the court should enjoin the judgment of Thomas Bayless assignee against complainant and Killigrew. When the rights of the parties are determined, that becomes the appropriate mode of relief in this particular case.
The affidavit of the complainant upon which the attachment issued, is a substantial compliance'with the requirements of the act in question.
The judgment must be reversed; the demurrer disallowed; the case be remanded to the Chancery Court, and the defendants be directed to answer.